ANGELA CARLEY, Appellant, v. PAUL M. CARLEY, Respondent.— In an action for separation, plaintiff appeals from an order denying a motion to open her default in proceeding with the trial of the action and for certain other relief. Order reversed, without costs, and motion granted, without costs. In the interests of justice, the default should be excused. Nolan, P. J., Carswell, Adel, Wenzel and MacCrate, JJ., concur.

CENTRAL NATIONAL BANK OF MINEOLA, Respondent, v. CLAYTON E. ROBINSON, Appellant, et al., Defendants. CENTRAL NATIONAL BANK OF MINEOLA, Respondent, v. LILLIAN B. ROBINSON, Appellant, et al., Defendants.— On plaintiff's motion an order was entered appointing a receiver of the property of the defendant corporations, and of the individual defendants, Lillian Robinson and Clayton Robinson, and enjoining the defendants from transferring any property. Defendants Robinson appeal from the order insofar as it appoints a receiver of their personal assets and effects and enjoins them from transferring any of their property. Order, insofar as appealed from, modified on the law by striking from the third, sixth and seventh ordering paragraphs the names of the appellants, and by adding after the third ordering paragraph the following: " Ordered that the aforesaid John H. Dair be and he hereby is appointed receiver of the property of the defendants Lillian Robinson and Clayton Robinson set forth in Schedules A and the bank account in the Port Washington-Manhasset National Bank, to receive and hold the same and the income, interest and dividends therefrom, and to make necessary expenditures for the maintenance and protection of the value thereof, subject to the further order of the Court, and the said defendants are enjoined from transferring or disposing or encumbering such assets during the pendency of this action; and it is further". As so modified the order is affirmed, without costs. If the respondent establishes the facts set forth in the complaint and in the papers, the appellants can be required to account as trustees ex maleficio for funds of the respondent received by them and for any property acquired by them by use of such funds. The male appellant in his affidavit in opposition denied knowledge of the unlawful acts of his wife, the other appellant. But he admitted that he left to her the conduct of the corporate and their personal financial affairs. It could be found that all of the assets owned jointly or by him individually set forth in the papers were acquired subsequent to the date when the wife initiated the plan to procure the funds of the respondent by fraudulent notes, and that in the acquisition of such assets the wife acted for the husband. Any asset thus acquired with funds of the respondent obtained by the wife's fraud would, in equity, belong to the respondent. Sufficient facts are set forth in the papers in this record to warrant the appointment of a receiver of appellants' assets. We are not concerned with the extent of the powers granted to the receiver over the corporate assets, since there has been no appeal by the corporations. However, as to the appellants, prior to the recovery of a judgment by the respondent the receivership should have been limited to the receipt and management of the assets disclosed by the papers in this record. Under the order the receiver in the exercise of the powers granted to him' could use and dispose of appellants' assets for the conduct of the corporate business before it has been determined that, in equity, the respondent had an interest in them. Carswell, Acting P. J., Johnston, Adel, MacCrate and Schmidt, JJ., concur.